# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL HOWARD DEERING,

        Petitioner,　　　　　　　　　Case Number: 07-CV-10408

v.　　　　　　　　　　　　　　　　　HON. DENISE PAGE HOOD

STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER OF SUMMARY DISMISSAL

Petitioner Paul Howard Deering filed a *pro se* "Petition for Reconsideration/Rehearing and/or Petition for Writ of Habeas Corpus Challenging the Charge, Conviction, Sentencing and/or Confinement Under MCL 750.165" in the United States District Court for the Central District of California. The United States District Court for the Central District of California transferred the matter to this Court pursuant to 28 U.S.C. § 2241(d).

**I.**

In his petition, Petitioner states that, on February 10, 2006, he entered a plea of guilty in Oakland County Circuit Court for failure to pay child support. The petition presents nine claims challenging that conviction. In the petition, Petitioner states that he is living in Northridge, California. The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates Petitioner's current status as an "Absconder from Probation." The Court is permitted to take judicial notice of information on OTIS. *See* Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

It is well-settled that "an appellate court may dismiss the appeal of a defendant who is a

fugitive from justice during the pendency of his appeal." Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993). In the context of a direct criminal appeal, the Supreme Court has reasoned that a defendant's escape during the pendency of his appeal, while not stripping "the case of its character as an adjudicable case or controversy . . . disentitles the defendant to call upon the resources of the Court for determination of his claims." Molinaro v. New Jersey, 396 U.S. 365, 366 (1970). This rule allowing dismissal of fugitives' appeals rests "in part on enforceability concerns, and in part on a 'disentitlement' theory that construes a defendant's flight during the pendency of his appeal as tantamount to waiver or abandonment." Ortega-Rodriguez, 507 U.S. at 240.

The Sixth Circuit Court of Appeals has applied the fugitive disentitlement doctrine to dismiss an appeal of a habeas corpus petitioner where the petitioner escaped during the pendency of his appeal. Taylor v. Egeler, 575 F.2d 773 (6th Cir. 1978). The Court of Appeals reasoned:

> The literal meaning of the writ of habeas corpus ad subjiciendum comes from the Latin habeas corpus which means "you should have the body." It is an extraordinary writ the office of which is to examine the legality of a prisoner's confinement. If granted, the writ orders the jailer or other custodian to produce the body and free the prisoner either absolutely or conditionally. If there is no body for the jailer to produce, the writ is unnecessary.

Id., at 773. *Accord* Arana v. United States Immigration and Naturalization Service, 673 F.2d 75 (3rd Cir. 1982); Lopez v. Malley, 552 F.2d 682 (10th Cir. 1977); Gonzales v. Stover, 575 F.2d 827 (10th 1978); Johnson v. Laird, 432 F.2d 77 (9th 1970).

The reasoning which justifies dismissal of a fugitive's appeal from the denial of a habeas corpus petition also justifies the dismissal of a fugitive's habeas corpus petition in the district court. Bagwell v. Dretke, 376 F.3d 408, 412. (5th Cir. 2004). First, a federal habeas court cannot enforce its judgment if a petitioner is a fugitive. Id. Second, a prisoner who escapes

while his petition is pending "intentionally waives control over the proceedings." Id. "[A] prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal." Id. *See also* Prevot v. Prevot, 59 F.3d 556, 562-67 (6th Cir. 1995) ("Disentitlement applies to federal trial courts in civil cases as well as to appellate courts."). Federal district courts may dismiss habeas petitions if the petitioner is a fugitive from justice. *See* Bagwell, 376 F.3d 408; Torres v. People of State of New York, 976 F. Supp. 249, 250-51 (S.D.N.Y.1997) (dismissing petitioner's petition pursuant to the fugitive disentitlement doctrine because petitioner absconded from parole); United States v. Collins, 651 F. Supp. 1177 (S.D. Fla. 1987); Clark v. Dalsheim, 663 F. Supp. 1095 (S.D.N.Y. 1987); Crawford v. Varner, 2002 WL 229898, at *2) (D. Del. 2002) ("The Court can discern no reason to entertain a habeas petition filed by a fugitive whose own unlawful actions preclude the very relief he seeks.").

The Court, therefore, shall dismiss the habeas petition. This dismissal shall be without prejudice. *See* Taylor, 575 F.2d at 773.

## II.

For the foregoing reasons, **IT IS ORDERED** that the matter is **DISMISSED WITHOUT PREJUDICE**.

                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                UNITED STATES DISTRICT JUDGE

Dated: April 30, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2007, by electronic and/or ordinary mail.

                                                s/William F. Lewis
                                                Case Manager