# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAUL HOWARD DEERING,

        Petitioner,        Case Number: 07-CV-10408

v.        HONORABLE DENISE PAGE HOOD

OFFICE OF THE ATTORNEY GENERAL,

        Respondent.
_____/

## **OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Paul Howard Deering filed a *pro se* "Petition for Writ of Habeas Corpus Challenging the Charge, Conviction, and/or Sentencing under MCL 750.165" in the United States District Court for the Central District of California. The United States District Court for the Central District of California transferred the matter to this Court pursuant to 28 U.S.C. § 2241(d). The Court summarily dismissed the petition because Petitioner is an "absconder from probation." Petitioner then filed a Notice of Appeal. On July 10, 2007, the United States Court of Appeals for the Sixth Circuit remanded the matter to this Court "for the sole purpose of determining whether to grant or deny a certificate of appealability." Deering v. State of Michigan, No. 07-1666 (6th Cir. July 10, 2007).

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. §§ 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue. When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In his petition, Petitioner challenged a guilty plea entered on February 10, 2006 in Oakland County Circuit Court for failure to pay child support. The Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Petitioner is an "absconder from probation." The Court took judicial notice of Petitioner's absconder status. *See* Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004); Order of Summary Dismissal [April 30, 3007, Docket No. 8].

It is well-settled that an appellate court may dismiss the appeal of a defendant who is a fugitive from justice during the pendency of his appeal. Ortega-Rodriguez v. United States, 507 U.S. 234, 239 (1993). Where a petitioner escapes during the pendency of his habeas petition, a court may dismiss the petition. *See* Taylor v. Egeler, 575 F.2d 773 (6th Cir. 1978). A prisoner who escapes while his petition is pending "intentionally waives his control over the proceedings." Bagwell v. Dretke, 376 F.3d 408, 412 (5th Cir. 2004). "[A] prisoner's escape is no less an affront to the dignity of a federal court sitting in habeas than it is to a court reviewing a direct appeal." Id. Therefore, based upon Petitioner's absconder status, the Court dismissed the petition. Order of Summary Dismissal [April 30, 3007, Docket No. 8]

The Court finds that jurists of reason would not find the Court's decision to dismiss a petition filed by an individual who is an absconder from parole to be debatable or wrong.

Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

s/ DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: August 6, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2007, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager